IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ERNEST LOPEZ | § | |
| | § | |
| V. | § | A-17-CV-398 SS |
| | § | |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE SAM SPARKS
     UNITED STATES DISTRICT JUDGE

Before the Court is Ernest Lopez's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 (Dkt. # 1). The District Court referred the above-case to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. GENERAL BACKGROUND

On September 21, 2011, in the Western District of Texas Petitioner Ernest Lopez pled guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. On December 19, 2011, he was sentenced to a 262-month term of imprisonment. Lopez appealed his sentence, and the Fifth Circuit dismissed the appeal as frivolous on October 15, 2012. Lopez then filed a motion to reduce his sentence pursuant to U.S.S.C. Amendment 782, but this was denied on November 13, 2015. On February 9, 2017, Lopez filed a motion to vacate the sentence under 28 U.S.C. § 2255, which the court dismissed as time-barred. *See United States v. Lopez*, No. 1:11-CR-360(5)-SS, Dkt. No. 820 (W.D. Tex. Apr. 5, 2017). Following the dismissal, Lopez filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1.

## II. ANALYSIS

In the instant § 2241 Petition, Lopez argues that he is actually innocent of being a "career offender" under U.S.S.G. § 4B1.1(a) as his two prior state convictions should not have resulted in an enhancement to his sentence. Because Lopez is attacking errors that occurred at or prior to his sentencing, his claims are outside the scope of a § 2241 petition. "28 U.S.C. § 2255, not § 2241, is the proper means of attacking errors that occurred during or before sentencing." *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). In contrast, § 2241 is used by prisoners to attack the manner in which a sentence is carried out or the prison authorities' determination of its duration. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Id.* at 452. Lopez filed a time-barred § 2255 motion previously, and as such his § 2241 petition should be dismissed. *Lopez*, No. 1:11-CR-360(5)-SS, Dkt. No. 820.

The Court may nevertheless address Lopez's claims through the so called "savings clause" provision of § 2255 if Lopez can demonstrate that § 2255 otherwise provides him with an "inadequate" or "ineffective" remedy. *Benson*, 511 F.3d at 487. A petitioner seeking relief under the § 2255 savings clause must demonstrate three things: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Id.* at 903. The petitioner bears the burden of

demonstrating that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." § 2255(e); *see also Pack*, 218 F.3d at 452.

Lopez has failed to demonstrate that § 2255 provides him with an inadequate or ineffective remedy because he has not established that his claims are based on a retroactively applicable Supreme Court decision establishing that he was convicted of a nonexistent offense. Lopez argues that the Supreme Court's decision in *Mathis v. United States*, 136 S.Ct. 2243 (2016), shows that he is actually innocent of his sentence under the Armed Career Criminal Act. However, "a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus not the type of claim that warrants review under § 2241." *Dorsey v. Tamez*, 465 F. App'x 372 (5th Cir. 2012).

Moreover, as discussed in the order denying Lopez's § 2255 petition, *Mathis* has not been found to be retroactive. *See. Lopez*, No. 1:11-CR-360-SS, Dkt. No. 820 at 4–5. The Supreme Court has not declared its decision in *Mathis* to be retroactively applicable on collateral review. *See Mathis*, 136 S.Ct. at 2257 ("Our precedents make this a straightforward case."); *United States v. Uribe*, 838 F.3d 667, 670 (5th Cir. 2016) (finding *that Mathis* "provided helpful guidance for determining whether a predicate statute of conviction is divisible"). Similarly, Lopez's reliance on *Hinkle v. United States*, 832 F.3d 569 (5th Cir. 2016), and *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017), is misplaced. As discussed in Judge Spark's previous order, the courts in both *Hinkle* and *Tanksley* merely applied *Mathis* on direct appeal, and were not collateral attacks to the sentence. *See Lopez*, No. 1:11-CR-360-SS, Dkt. No. 820 at 6–7 (citing *United States v. Bernea*, No. 2:01-CR-15, 2017 WL 821787, at *2 (S.D. Tex. Mar. 2, 2017)). Accordingly, Lopez has not shown that he is entitled to proceed under § 2241 based on the savings clause of § 2255(e). Based upon the foregoing, this case should be dismissed.

### III. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DISMISS** Ernest Lopez's Petition and Amended Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 (Dkt. No. 1) for lack of jurisdiction.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 20th day of June, 2017.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE